UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

| CHRISTOPHER CLARK, |
| Plaintiff, |
| -against- |
| CITY OF NEW YORK et al., |
| Defendants. |

1-16-cv-07744 (PKC) (KHP)

**OPINION AND ORDER**

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 09/07/2017

**KATHARINE H. PARKER, UNITED STATES MAGISTRATE JUDGE.**

Plaintiff Christopher Clark, proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983. He claims that on September 26, 2014, he was illegally stopped, searched, and falsely arrested for drug and weapon possession charges by New York City Police Department ("NYPD") officers. (*See generally* Doc. No. 6 pp. 2-3.) Plaintiff further alleges that NYPD officers detained and re-arrested him on that same day for robbery and a hate crime, and that he subsequently was detained for over two years on charges for assault in the first-degree. (*See id.*)

Plaintiff seeks a number of documents in discovery. These include: (1) the Defendant officers' CCRB and lawsuit history, (2) documents pertaining to the original stop and arrest of Plaintiff, (3) video surveillance from the 14th St. stop and frisk, and (4) grand jury minutes. (Doc. No. 42.)

As to the first two items, Defendants represent that they have produced the requested information and provided the Bates Numbers of the responsive documents. (Doc. No. 46 pp.3-4.) As to the third item, Defendants represent there is no such video. (*Id.*) Accordingly, on

1

August 17, 2017, this Court denied Plaintiff's motion to compel these three categories of information as moot. (Doc. No. 49.)

Turning to production of the grand jury minutes underlying Plaintiff's indictment in *People v. Christopher Clark,* N.Y. Cnty. Ind. No. 5201-2014, the Court notes that Defendants are not in the possession, custody, and control of the minutes. However, production of the grand jury minutes in this case is not warranted in any event.

Courts rarely order production of grand jury minutes because they are secret. *See* N.Y. C.P.L. § 190.25(4)(a); *Baynes v. Ruderfer*, 234 F. Supp. 3d 574, 577 (S.D.N.Y. 2017). On the rare occasion that courts have ordered production of grand jury materials, the plaintiff has established a "particularized need" for such materials. *See, e.g., id.* at 578*; Mateo v. City of New York*, No. 14-cv-9020 (LTS), 2016 WL 3545944, at *1 (S.D.N.Y. June 17, 2016); *Vazquez v. City of New York*, No. 10-cv-6277 (JMF), 2013 WL 2449181, at *1 (S.D.N.Y. June 6, 2013). To make this showing, a plaintiff must demonstrate that (1) the information is needed to avoid a possible injustice in another judicial proceeding, (2) the need for disclosure outweighs the need for continued secrecy, and (3) the request is narrowly tailored to cover only that portion of the grand jury material needed. *Baynes*, 234 F. Supp. 3d at 577 (quoting *Douglas Oil Co. of Cal. v. Petrol Stops Northwest*, 441 U.S. 211, 222 (1979)); *see also United States v. Carneglia*, 675 F. App'x 84, 85-86 (2d Cir. 2017) (summary order).

With respect to the first prong, a plaintiff must put forth actual facts giving rise to a "strong inference" that misconduct occurred before the grand jury to support the request; general requests for disclosure, without more, are insufficient. *Barone v. United States*, No. 12-cv-4103 (LAK), 2015 WL 6736203, at *4 (S.D.N.Y. Oct. 29, 2015). Further, when plaintiff can

2

obtain information needed for the prosecution of his case through document requests and depositions, disclosure of grand jury information is generally unwarranted. *Baynes*, 234 F. Supp. 3d at 578. Here, Plaintiff has not alleged that misconduct affected the grand jury proceedings or presented other evidence to support his request for grand jury minutes. Nor has he explained why disclosure of grand jury minutes is necessary in light of the availability of other avenues of discovery such as depositions and other document discovery. In sum, Plaintiff has failed to establish that production of the grand jury minutes is needed to avoid a potential injustice.

With respect to the second prong—that the need for disclosure outweighs the need for continued secrecy—the Court must be mindful of the strong public policy interests in maintaining the secrecy of grand jury proceedings, including "to encourage free and untrammeled disclosures by persons who have information with respect to the commission of crimes." *Douglas Oil Co.,* 441 U.S. at 219 n.10. The Court has "consistently . . . recognized that the proper functioning of our grand jury system depends upon the secrecy of grand jury proceedings." *Rehberg v. Paulk*, 566 U.S. 356, 374 (2012). In contrast to the strong public interest in protecting grand jury minutes, Plaintiff here has failed to explain why he needs the minutes to prosecute this action. See *Baynes*, 234 F. Supp. 3d at 578-79. And, as set forth above, Plaintiff has alternate means to obtain discovery into his claims, including deposing the arresting officers. See *Maldonado v. City of New York*, No. 11-cv-3514 (PKC) (HBP), 2012 U.S. Dist. LEXIS 86546, at *8-11 (S.D.N.Y. June 21, 2012) (finding that plaintiff failed to establish a particularized need for grand jury materials when the arresting officers were available to be deposed).

Finally, courts routinely reject overbroad requests for grand jury minutes that have not been tailored for the particularized need in the plaintiff's case. *Ross v. City of New York,* No. 16-cv-0813 (NGG) (JO), 2017 WL 455410, at *2 (E.D.N.Y. Feb. 2, 2017) (citing *Barone*, 2015 WL 6736203, at *4); *see also Baynes*, 234 F. Supp. 3d at 579 (denying request for disclosure of all witnesses' testimony as overbroad). Here, Plaintiff has not tailored his request, but rather seeks wholesale disclosure of all grand jury minutes pertaining to his indictment. This further supports the conclusion that disclosure is not warranted under the circumstances of this case.

In sum, Plaintiff has not demonstrated a "particularized need" for obtaining the grand jury minutes. Accordingly, Plaintiff's request to compel the production of this information is denied. The Clerk of Court is respectfully directed to terminate the motion pending as Doc. No. 46.

Dated: September 7, 2017
      New York, New York

                                **SO ORDERED**.

*[signature: Katharine H. Parker]*
_____

**KATHARINE H. PARKER**

**United States Magistrate Judge**

**A copy of this Order has been mailed to:**

Christopher Clark
#17A0860
**Mohawk Correctional Facility**
6514 Rt. 26
P.O. Box 8451
Rome, NY 13442