UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
-----------------------------------------------------------x
CHRISTOPHER C. CLARK,

                Plaintiff,                            16-cv-7744 (PKC)

    -against-                                     OPINION
                                                          AND ORDER

THE CITY OF NEW YORK, et al.,

                Defendants.
-----------------------------------------------------------x

CASTEL, U.S.D.J.

        Plaintiff Christopher C. Clark, proceeding *pro se*, brings various claims against the City of New York, former New York City Police Department ("NYPD") Commissioner William Bratton, and three NYPD Officers: Police Officer Craig Sikorski, Sergeant Michael Alfieri, and Detective Stanley Dash relating to his arrest and "re-arrest" on September 26, 2014 and his subsequent detention and prosecution. The Court construes his pleading as asserting claims for false arrest, malicious prosecution, violation of his Fifth Amendment rights and deprivation of right to counsel at a lineup, all asserted pursuant to 42 U.S.C. § 1983. Defendants move for judgment on the pleadings pursuant to Rule 12(c), Fed. R. Civ. P. For reasons that will be explained, the motion will be granted in part and denied in part.

PROCEDURAL HISTORY

        A little over a month after the action was filed, Chief Judge McMahon dismissed *sua sponte* certain claims in the original complaint under 28 U.S.C. § 1915(e)(2)(b)(i), (iii). (Order of Nov. 7, 2016 (Dkt. 5)). Clark was directed to amend his complaint to address certain deficiencies noted in the Order. He filed the Amended Complaint on December 20, 2016. (Dkt. 6). The undersigned dismissed claims in the Amended Complaint asserted against the NYPD,

the Manhattan District Attorney's Office, and Assistant District Attorney Germaine Corprew, who were named in the amended pleading, even though they had been dismissed by Chief Judge McMahon's November 7, 2016 Order. (Order of Feb. 1, 2017 (Dkt. 9).

Defendants answered the Amended Complaint and thereafter moved for judgment on the pleadings. Clark has responded to the motion and defendants have replied.

STANDARD OF REVIEW

A *pro se* complaint is reviewed under a more lenient standard than that applied to "formal pleadings drafted by lawyers." Haines v. Kerner, 404 U.S. 519, 520, (1972) (per curiam). A plaintiff's *pro se* pleadings "must be read liberally and should be interpreted 'to raise the strongest arguments that they suggest.'" Graham v. Henderson, 89 F.3d 75, 79 (2d Cir. 1996) (quoting Burgos v. Hopkins, 14 F.3d 787, 790 (2d Cir. 1994)).

The applicable legal standards for a Rule 12(c) motion are the same as a Rule 12(b)(6) motion to dismiss for failure to state a claim. See King v. American Airlines, Inc., 284 F.3d 352, 356 (2d Cir. 2002). To survive a motion to dismiss under Rule 12(b)(6), "a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Bell Atl. Corp. v. Twombly, 550 U.S. 544, 570 (2007)). In assessing such a motion, the Court disregards legal conclusions, examines only the well-pleaded factual allegations, which the Court accepts as true, and draws all reasonable inferences in the plaintiff's favor. See id. at 678–79; Starr Int'l Co. v. Fed. Reserve Bank of N.Y., 742 F.3d 37, 40 (2d Cir. 2014). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Austin v. Town of Farmington, 826 F.3d 622, 630 (2d Cir. 2016) (quoting Iqbal, 556 U.S. at 678). "'[W]here the well-pleaded facts do not

permit the court to infer more than the mere possibility of misconduct,' however, dismissal is appropriate." Starr v. Sony BMG Music Entm't, 592 F.3d 314, 321 (2d Cir. 2010) (alteration in original) (quoting Iqbal, 556 U.S. at 679).

When reviewing a motion to dismiss, a court may consider any matter of which judicial notice may be taken. Hirsch v. Arthur Andersen & Co., 72. F.3d 1085, 1092 (2d Cir. 1995). The state prosecution of an individual is a matter of public record, of which a court may take judicial notice. See Shmueli v. City of New York, 424 F.3d 231, 233 (2d Cir. 2005). Facts set forth in documents annexed to Clark's opposition to the motion to dismiss, if the context warrants, may be deemed requests to amend the Amended Complaint to allege those facts.

BACKGROUND

The Amended Complaint alleges that on September 26, 2014, Clark was unlawfully frisked, searched, and arrested by Officer Sikorski and other John Doe defendants without probable cause. (Am. Compl. at 2–3). He asserts that the purported basis for the arrest was weapon and drug possession. (Id. at 3). He asserts that these charges were never pursued and hence determined in his favor. (Id.). He further alleges that once he was detained he was "re-arrested" and charged with robbery and a hate crime by Detective Dash. (Id.).

Officer Sikorski, Clark alleges, "initiated" the prosecution with malice and, once detained, Detective Dash "continued" the prosecution without Miranda warnings. (Id.). Clark was placed in a lineup without an attorney. (Id.). He alleges that Sergeant Alfieri was the supervisor. (Id.).

Defendants' motion to dismiss and Clark's opposition both rely on documents relating to the charges, including arrest reports. The first arrest report, for which Officer Sikorski

was the arresting officer, indicates that Clark was arrested at 02:33 on September 26, 2014 for criminal possession of a weapon, criminal possession of a controlled substance, and unlawful possession of marijuana. (Akina Decl. Ex. A). There was a second arrest report as of 12:30 on September 26, 2014—about 10 hours later—for which Detective Dash was the arresting officer. (Id. Ex. B; Opp'n (Dkt. 72) at 23–25). The second report was for robbery and a hate crime occurring on August 22, 2014. (Id.). A criminal complaint signed by Detective Dash on the same day at 23:30 asserts that Clark committed the crimes of the first degree assault and seventh degree criminal possession of a controlled substance. (Id. Ex. C; Opp'n at 18). On or about November 20, 2014, a grand jury indicted Clark for first degree assault but no other crime. (Akina Decl. Ex. D).

On November 21, 2016, Clark entered a plea of guilty to the crime of attempted assault in the first degree and on December 21, 2016 he was sentenced principally to five years imprisonment. (Akina Decl. Exs. E & F; Opp'n at 22).

DISCUSSION

    A.  <u>False Arrest and Malicious Prosecution Claims Against Officer Sikorski.</u>

Clark alleges that there was no probable cause for his arrest for possession of a weapon and for drug possession. He alleges that he was stopped by Officer Sikorski without reasonable suspicion, improperly searched, and then falsely arrested. A weapon and drugs—specifically, cocaine and marijuana—were found after the asserted unlawful search. Clark was detained but never indicted or convicted on a weapon or drug charge. A criminal complaint attested to by Detective Dash did allege that Clark had committed the crime of criminal possession of a controlled substance in the seventh degree, but it merely recites that "I am further informed by Police Officer Craig Sikorski that the defendant was in possession of cocaine based

upon informant's training and experience in the identification of drugs." (Id. Ex. C; Opp'n at 18). The defendants assert in their unsworn papers that Clark was arraigned on the charges in the criminal complaint at some unspecified time and place. (Reply (Dkt. 73) at 3).

Probable cause exists when the arresting officer has "knowledge or reasonably trustworthy information of facts and circumstances that are sufficient to warrant a person of reasonable caution in the belief that the person to be arrested has committed or is committing a crime." Weyant v. Okst, 101 F.3d 845, 852 (2d Cir. 1996). "When determining whether probable cause existed to support an arrest, we 'consider those facts available to the officer at the time of arrest and immediately before it,' and we must render our decision based on the 'totality of the circumstances.'" Simpson v. City of New York, 793 F.3d 259, 265 (2d Cir. 2015) (quoting Panetta v. Crowley, 460 F.3d 388, 395 (2d Cir. 2006)).

A false arrest claim will be dismissed, even if probable cause for the actual arrest charge did not exist, if facts were known to the arresting officer that support a finding of probable cause to arrest for any offense. Jaegly v. Couch, 439 F.3d 149, 154 (2d Cir. 2006). The officer's "subjective reason for making the arrest need not be the criminal offense as to which the known facts provide probable cause." Devenpeck v. Alford, 543 U.S. 146, 153 (2004).

Here, there is nothing on the face of Clark's complaint or documents of which this Court may take judicial notice that supports the conclusion that Officer Sikorski had probable cause to arrest Clark for anything. Of course, if Officer Sikorski had knowledge of facts supporting a finding of probable cause to arrest Clark for possession of a weapon and possession of drugs (or any other crime), then it would be a defense to the false arrest claim. It suffices at this stage that Clark has plausibly alleged that he was improperly stopped, frisked, and arrested.

Contrary to defendants' arguments, the crime of first-degree assault for which Clark was indicted and later convicted is legally irrelevant to Clark's arrest by Officer Sikorski absent a showing that Officer Sikorski had probable cause to arrest Clark for the assault at the time of arrest or immediately before it. The assault did not occur on the day of Officer Sikorski's arrest of Clark, but on August 22, 2014. (Akina Decl. Ex. D). The existence of probable cause for Clark's arrest by Detective Dash for the August 22 assault 10 hours after Clark's arrest by Officer Sikorski may place a temporal limit on Clark's damage claim arising from the Sikorski arrest, but it does not extinguish his claim.[1]

To state a claim for malicious prosecution plaintiff must show "(1) the initiation or continuation of a criminal proceeding against plaintiff; (2) termination of the proceeding in plaintiff's favor; (3) lack of probable cause for commencing the proceeding; and (4) actual malice as a motivation for defendant's actions." Jocks v. Tavernier, 316 F.3d 128, 136 (2d Cir. 2003). Clark has alleged that he was falsely arrested without probable cause and with malice and that, because the charges of weapon and drug possession were either never brought (in the case of weapon possession) or dropped (in the case of drug possession), he has adequately pleaded a claim for malicious prosecution. The Court agrees.

There is nothing about Clark's conviction of a lesser-included offense of the single crime for which he was indicted—first degree assault—that absolves Officer Sikorski of liability for a claim of false arrest and malicious prosecution for weapon and drug possession. The assertion that the guilty plea for the crime of attempted first degree assault was in full

---

[1] Clark asserts that the reason he was stopped by Officer Sikorski was because he allegedly fit the description of the person committing the August 22 assault. (Opp'n at 1). At the judgment on the pleadings stage, the defendants have not tried to meet the difficult burden of trying to establish probable cause based upon a physical description. See Jenkins v. City of New York, 478 F.3d 76, 89 (2d Cir. 2007).

satisfaction for the crimes of weapon and drug possession appears to be supported by nothing other than a lawyer's unsworn assertion in a brief. Clark entered a guilty plea to a lesser included offense of the only charge for which he was indicted, which was factually and temporally distinct from the charges for which he was arrested by Officer Sikorski.

The motion to dismiss the false arrest and malicious prosecution claims arising out of the arrest by Officer Sikorski will be denied.

    B. <u>False Arrest and Malicious Prosecution Claims Against Detective Dash.</u>

This Court has upheld the claim of false arrest and malicious prosecution claims against Officer Sikorski but there is no basis for concluding that Detective Dash did not have probable cause to arrest Clark on charges of robbery and bias attack charges that matured into the assault charge a few hours later. In his complaint signed under penalty of perjury on September 26, 2014 at 23:30: "I state that I am informed by a person known to me that the defendant cut the informant in the face with what appeared to be a box cutter. I am further informed by the informant that the informant suffered a large laceration to the face causing the informant to get more that twenty stiches." (Akina Decl. Ex. C). Clark was subsequently indicted for assault in the first degree and entered a plea of guilty to the charge of attempted assault in the first degree and waived his right to appeal. A conviction of the crime for which and individual is arrested bars recovery for false arrest or malicious prosecution. <u>Cameron v. Fogarty</u>, 806 F.2d 380, 387 (2d Cir. 1986); <u>see also</u> <u>Timmins v. Toto</u>, 91 F. App'x 165, 166 (2d Cir. 2004) (holding that guilty plea to lesser offense pursuant to plea agreement bars false arrest and malicious prosecution claims). Because of his indictment and conviction, his false arrest and malicious prosecution claims against Detective Dash must fail.

The earlier and arguably unlawful arrest by Officer Sikorski does not change the outcome as to the subsequent charge. The circumstance that an arrestee has a good claim for false arrest based upon a lack of probable cause at the time of his initial detention does not foreclose the possibility that subsequent events could supply facts supporting probable cause in which event the arrestee may have a good claim for false arrest up to but ending with facts supporting probable cause. In Jenkins v. City of New York, 478 F.3d 76, 91 (2d Cir. 2007), the Circuit concluded on an appeal from a grant of summary judgment dismissing the complaint that the existence of some physical similarities between the plaintiff and the perpetrator of the crime was insufficient to establish probable cause as a matter of law. However, the later identification of plaintiff by two witnesses at a lineup was sufficient to provide probable cause as of that point in time. Id. at 93. The subsequent probable cause finding did not extinguish the claim for false arrest for the pre-lineup period but did extinguish the claim for the post-lineup period. Id. at 96. Applying that principle here, the earlier unlawful arrest by Officer Sikorski does not doom the lawfulness of the later arrest by Dash.

Clark also has urged that his arrest and prosecution for robbery or for assault was unlawful because he was not given Miranda warnings and because he was placed in a lineup without an attorney. (Opp'n at 1). The reference to Miranda is construed as an attempt to assert a violation of his Fifth Amendment right against self-incrimination. The failure to deliver Miranda warnings, even if required, does not give rise to a claim under section 1983. Neighbour v. Covert, 68 F.3d 1508, 1510–11 (2d Cir. 1995). There is no right to counsel at an investigatory lineup. Boyd v. Henderson, 555 F.2d 56, 61 (2d Cir. 1977). The right to counsel attaches after an accusatory instrument is lodged against the defendant, which was no earlier than the filing of the complaint at 23:30 on September 26, 2014. Kirby v. Illinois, 406 U.S. 682, 689–90 (1972);

N.Y. Crim. Proc. Law § 100.05.  There is no allegation that the lineup occurred after the criminal complaint was executed.

The claim for false arrest and malicious prosecution against Detective Dash will be dismissed.

### C. Supervisory Liability Against Sergeant Alfieri and Commissioner Bratton.

The Supreme Court in Ashcroft v. Iqbal, 556 U.S. 662, 676–778 (2009), held that a supervisory official could be found personally liable for a constitutional deprivation only on the basis of "his or her own misconduct."  "A supervisor may not be held liable under section 1983 merely because his subordinate committed a constitutional tort."  Poe v. Leonard, 282 F.3d 123, 140 (2d Cir. 2002).  Rather, supervisory liability may arise if a defendant participated directly in the alleged constitutional violation, failed to remedy a wrong after learning of it, created a policy or custom that led to the wrong, was grossly negligent in supervising subordinates who committed the wrong, or exhibited deliberate indifference to an unconstitutional act.  Colon v. Coughlin, 58 F.3d 865, 873 (2d Cir. 1995); see also Raspardo v. Carlone, 770 F.3d 97, 116 (2d Cir. 2014) ("[A] plaintiff must also establish that the supervisor's actions were the proximate cause of the plaintiff's constitutional deprivation.").

The entirety of Clark's allegations against Sergeant Alfieri is as follows: "Sgt. Alfieri was supervisor."  (Am. Compl. at 3).  There are no allegations concerning Commissioner Bratton.  Clark's conclusory allegation against Sergeant Alfieri and his naming of Commissioner Bratton in the caption are insufficient to survive a motion to dismiss even on a generous reading of the Amended Complaint.

D. Claim against the City of New York.

A municipality may not be held liable on section 1983 claims solely "by application of the doctrine of *respondeat superior*." Pembaur v. City of Cincinnati, 475 U.S. 469, 478 (1986). Instead, in order to establish municipal liability, a plaintiff must show that: (1) "a particular municipal action *itself* violates federal law, or directs an employee to do so," Bd. of Cty. Comm'rs of Bryan County v. Brown, 520 U.S. 397, 404 (1997) (emphasis in original), (2) an "authorized decisionmaker has intentionally deprived a plaintiff of a federally protected right," id. at 405, (3) unconstitutional "practices [are] so persistent and widespread as to practically have the force of law," Connick v. Thompson, 563 U.S. 51, 61 (2011), or (4) a municipality's failure to train its employees about their legal duty to avoid violating a citizen's rights amounts to "deliberate indifference," id. In any case, "a plaintiff must show that the municipal action was taken with the requisite degree of culpability and must demonstrate a direct causal link between the municipal action and the deprivation of federal rights." Bryan County, 520 U.S. at 404.

Clark's complaint alleges no facts that support a federal claim against the City of New York.

E. State Law Claims Against All Defendants.

Defendants move to dismiss all parallel state law claims for failure to comply with the notice-of-claim requirement for those claims. In general terms, the requirement applies to torts, including constitutional torts, asserted against the City. See N.Y. Gen. Mun. Law §§ 50–e(1)(a); 50–i(1); 50–k(6); 423 S. Salina St., Inc. v. City of Syracuse, 68 N.Y.2d 474 (1986). Clark's state-law claim, in turn, fails because it is procedurally deficient. "[I]n a federal court, state notice-of-claim statutes apply to *state*-law claims." Hardy v. N.Y.C. Health & Hosp.

Corp., 164 F.3d 789, 793 (2d Cir. 1999) (emphasis in original) (citing Felder v. Casey, 487 U.S. 131, 151 (1988)). New York law requires that plaintiffs asserting a tort claim against a municipality file a notice of claim within ninety days after the claim arises. N.Y. Gen. Mun. Law §§ 50–e(1)(a), 50–i(1). The requirement also applies to claims against New York City employees. Id. § 50–k(6). "Under New York law, a notice of claim is a condition precedent" to bringing an action. Hardy, 164 F.3d at 793. Failure to file a notice of claim ordinarily requires dismissal of the cause of action. Id. at 794.

Because Clark does not allege that he ever filed a notice of claim as to any defendant, he cannot maintain parallel state law claims. All state law claims will be dismissed.

CONCLUSION

Defendants' motion to dismiss is GRANTED as to plaintiff's federal claims against defendants Alfieri, Dash, Bratton, and the City of New York and DENIED as to federal claims against defendant Sikorski. Defendants' motion to dismiss all state law claims against all defendants is GRANTED. The Clerk is directed to terminate the motion. (Dkt. 54).

The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore in forma pauperis status is denied for the purpose of an appeal. See Coppedge v. United States, 369 U.S. 438, 444–45 (1962).

SO ORDERED.

_____
P. Kevin Castel
United States District Judge

Dated: New York, New York
September 13, 2018